UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAYUAL A.,

        Petitioner,

v.                           **ORDER**
                               Civil File No. 19-256 (MJD/DTS)

SECRETARY HOMELAND SECURITY,
et al.,

        Respondents.

Mayual A., pro se.

Gregory G. Brooker, Assistant United States Attorney, Counsel for Respondents Secretary Homeland Security; Matthew Whitaker, Attorney General; and Peter Berg, ICE Field Office Director.

David John Walker, Freeborn County Attorney's Office, Counsel for Respondent Kurt Frietag.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge David T. Schultz dated April 5, 2019. No objections were filed to the Report and Recommendation. The Court incorporates the factual background set forth in the Report and Recommendation and provides the additional new information and analysis.

On April 26, 2019, Defendants Secretary Homeland Security; Matthew Whitaker, Attorney General; and Peter Berg, ICE Field Office Director, filed a Supplemental Response and a Supplemental Declaration of Deportation Officer Kalob Kresser. [Docket Nos. 10, 11] Kresser avers that Petitioner was removed to South Sudan on an ICE charter flight on April 11, 2019. Thus, Petitioner's Petition is now moot. See, e.g., Sirleaf v. Sec'y, Dep't of Homeland Sec., No. 17-CV-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018) ("[Petitioner's] removal from the United States leaves nothing for the Court to grant by way of habeas relief. He is no longer in the custody of the U.S. Immigration and Customs Enforcement (ICE), and as a result, the Court cannot order his release. Any such order would be ineffectual, and therefore, [Petitioner's] habeas petition is moot."), report and recommendation adopted, No. 17-CV-4126 (DSD/HB), 2018 WL 3404154 (D. Minn. July 12, 2018).

None of the exceptions to mootness exist here. See Riley v. I.N.S., 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it

at any time; or (4) it is a properly certified class action suit.") (citations omitted).

There are no surviving secondary or collateral injuries. The allegedly unlawful period of detention is not likely to reoccur because Petitioner has been removed from the United States. The record demonstrates that Respondents were consistently, diligently working to effectuate Petitioner's removal. This case is not a class action. Therefore, Petitioner's Petition is dismissed as moot.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts as modified the Report and Recommendation of United States Magistrate Judge Schultz dated April 5, 2019.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS AS MODIFIED** the Report and Recommendation of United States Magistrate Judge Schultz dated April 5, 2019 [Docket No. 8].

2. Petitioner Mayual A.'s Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 13, 2019          s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court